**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000044
26-FEB-2015
08:40 AM**

NO. CAAP-12-0000044


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARY LOU JACK, Plaintiff-Appellee, v.
THOMAS EDWARD JACK, II, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 10-1-0269)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Thomas Edward Jack, II, (Husband) timely appeals from the December 9, 2011 Decree Granting Absolute Divorce entered by the Family Court of the First Circuit (Family Court).[1]

On appeal, Husband argues[2] that the Family Court erred

---

[1] The Honorable Paul T. Murakami presided.

[2] The Opening Brief filed by Husband's attorney, Steven J. Kim (Kim), violates the Hawai'i Rules of Appellate Procedure (HRAP) in several respects. First, although HRAP Rule 28(b)(3) requires "[a] concise statement of the case, setting forth . . . the course and disposition of the proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings[,]" this brief provides at best an incomplete recitation of the Family Court's procedural posture and inconsistent record references. This rule also requires that the party append "a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal[,]" which was not done.

Next, Kim's Points of Error section is devoid of references to the record and does not contain quotations of the findings and conclusions he is challenging. HRAP Rule 28(b)(4).

(continued...)

by: (1) entering default against him at the August 29, 2011 trial when he failed to appear; (2) denying his September 8, 2011 Motion to Set Aside Entry of Default in which he provided the Family Court with evidence that he failed to appear at trial due to Hurricane Irene; (3) making clearly erroneous findings of fact based upon insufficient evidence, incompetent evidence, hearsay arguments of Plaintiff-Appellee Mary Lou Jack's (Wife) counsel, and exhibits admitted without foundation; (4) making erroneous conclusions of law based upon insufficient findings of fact, and (5) admitting Wife's and Husband's exhibits into evidence. As Wife did not file an answering brief,[3] our task is to determine whether Husband has presented *prima facie* reversible error in his brief. Kaiu v. Tasaka, 33 Haw. 484, 485 (Haw. Terr. 1935).

Based on a careful review of the record, the arguments made and the issues raised by Husband, and the applicable authority, we resolve those issues as follows and affirm.

1. The Family Court did not abuse its discretion by entering default against Husband for his failure to personally appear for trial. The August 23, 2011 Order Re: Trial set trial for August 29, 2011 and specifically required Husband to appear

---

[2](...continued)
Next, despite the mandate of HRAP Rule 28(b)(7), Kim's Argument section fails to provide "citations to authorities, statutes and parts of the record relied on."

Finally, Kim failed to include a Statement of Related Cases as required by HRAP Rule 28(b)(11).

Counsel is warned that future violations of HRAP Rule 28 may result in sanctions.

[3]     Attorney Donna Davis Green (Green) is the attorney of record for Wife in this case and as such, documents in this appeal were served upon her, including the amended notice of appeal, opening brief, and notice of default of the answering brief. As such, absent any other relevant circumstances, she was required to either withdraw as counsel or file an answering brief in Wife's behalf. HRAP Rule 28(c); Hawaii Rules of Professional Conduct Rules 1.3; 1.16 and Comments thereto.

It further appears that Green is in violation of HRAP Rule 25(a), which provides, "[u]nless excused by order of the supreme court or the intermediate court of appeals, each attorney who represents a party before the appellate courts shall register as a JEFS User and file all documents through JEFS." Green has not submitted evidence of such excuse.

at the scheduled trial date.[4]  The Family Court was authorized to enter a default upon Husband's failure to appear at trial.[5]  Our review of the record does not reveal an abuse of discretion in entering default.  Cnty. of Hawaiʻi v. Ala Loop Homeowners, 123 Hawaiʻi 391, 404, 235 P.3d 1103, 1116 (2010) (construing the analogous Hawaiʻi Rules of Civil Procedure (HRCP) Rule 55).

2.  The Family Court did not abuse its discretion in refusing to set aside the default entered against Husband.  At the time Husband filed his September 9, 2011 Motion to Set Aside Default and/or Divorce Decree, the Family Court had not yet entered a default judgment or a divorce decree, although it had rendered an oral ruling deciding the terms of the decree.

The Family Court was authorized to set aside the entry of default under HFCR Rule 55(c) "for good cause shown."  While defaults are not favored, and any doubt should be resolved in favor of the party seeking relief,

> [i]n general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.  The mere fact that the nondefaulting party will be required to prove his [or her] case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.

---

[4]  Husband was present by telephone on August 18, 2011 when the trial date was set.

[5]  Hawaiʻi Family Court Rules (HFCR) Rule 55 provides, in pertinent part,

> (a) **Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by motion supported by affidavit or declaration or as otherwise provided hereinbelow, the court shall enter the party's default.

> (b) **Judgment.** In a contested or uncontested action, where it appears from the record and by testimony (or by affidavit or declaration in an uncontested matrimonial action) that the adverse party has been duly served with the complaint or dispositive motion, and the adverse party has failed to appear or otherwise defend as provided by these rules, the court may grant an entry of default and proceed with a proof hearing, when a hearing is required, and enter a default judgment.

BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976) (citations omitted); see Rearden Family Trust v. Wisenbaker, 101 Hawaiʻi 237, 65 P.3d 1029 (2003). "We review the denial of a motion to set aside default for abuse of discretion." Cnty. of Hawaii, 123 Haw. at 423, 235 P.3d at 1135 (reviewing a motion under HRCP Rule 55(c)).

We can see no abuse of discretion here. First and foremost, Husband has failed to provide an adequate record to review the Family Court's decision to deny his motion to set aside. No transcript of the hearing on Husband's motion has been included in the record. See HRAP Rule 11(a) (The appellant "shall take any other action necessary to enable the clerk of the court to assemble and transmit the record. It is the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted[.]"); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995).

In any event, a review of the documents submitted by the parties to the Family Court reveals that Husband's motion to set aside, filed by his current appellate counsel, focused solely on the reasons for his non-appearance and provided documentation for his assertion that his flight from Maryland was cancelled by the airline due to Hurricane Irene. Husband made no argument that Wife would not be prejudiced by setting aside the default or that he had a meritorious defense that he was prevented from presenting. Conversely, Wife argued that Husband's credibility was doubtful based on (1) prior failures to comply with court orders, including orders to appear; (2) misrepresentations of fact during the course of the case; and (3) that Husband's own exhibits supported the notion that he had (a) the financial means to purchase an airline ticket, and (b) advance notice that Hurricane Irene would likely interfere with travel. The Family Court noted that Wife, who also had to travel from the east coast to Hawaiʻi for the trial was able to obtain a flight out and was

4

present. Thus, the record supports the notion that Husband did not establish good cause for his failure to appear.

3. and 4. We decline to review the findings of fact and conclusions of law enumerated by Husband. As already noted, Husband has not only failed to provide record citations and to quote the challenged findings and conclusions in his points on appeal, but he has failed to make the document part of the record on appeal.

Moreover, Husband's challenge to these findings and conclusions appears to be based on his position that, because all of Wife's and his exhibits were improperly admitted, and there was minimal testimony presented, any findings of fact based thereon were clearly erroneous and any conclusions based on these findings were wrong. However, as Husband's arguments with regard to the admissibility of the exhibits consist of conclusory statements without citation to authority nor analysis of the applicable law governing the admissibility of evidence or how the law would apply to particular exhibits, he has failed to provide a discernable argument and therefore we decline to review these points. Taomae v. Lingle, 108 Hawai'i 245, 257, 118 P.3d 1188, 1200 (2005) ("This argument does not contain any reasoning, supported by citations to case law or authority to constitute a discernible argument[.]").

Therefore, we affirm the December 9, 2011 Decree Granting Absolute Divorce entered by the Family Court of the First Circuit.

DATED: Honolulu, Hawai'i, February 26, 2015.

On the briefs:

Steven J. Kim,
for Defendant-Appellant.

Presiding Judge

Associate Judge

Associate Judge

5